**UNITED STATES, Appellee,**

v.

**Private E2 Jeffrey L. MATLOCK,
411–15–0656, United States
Army, Appellant.**

**ACMR 9102197.**

U.S. Army Court of Military Review.

28 Oct. 1992.

For Appellant: Captain Mark L. Toole, JAGC, Captain Lawrence W. Andrea, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Joseph C. Swetnam, JAGC, Major Paul E. Jordan, JAGC (on brief).

Before De GIULIO, ARKOW and WALCZAK, Appellate Military Judges.

## OPINION OF THE COURT

DE GIULIO, Senior Judge:

Appellant was tried by a military judge sitting as a general court-martial. Contrary to his pleas, he was found guilty of desertion, three specifications of violating a lawful general regulation, resisting apprehension, larceny, uttering worthless checks with intent to defraud, impersonating an agent of the Criminal Investigation Command, wrongful possession of military identification card, wrongfully counterfeiting a military identification card, and wrongfully receiving stolen property, in violation of Articles 85, 92, 95, 121, 123a, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 885, 892, 895, 921, 923a, and 934 (1982) [hereinafter UCMJ]. He was sentenced to a bad-conduct discharge, confinement for thirteen months, total forfeitures, and reduction to Private E1. Pursuant to a pretrial agreement, the convening authority reduced the confinement to twelve months and one day, but otherwise approved the sentence.

Appellant alleges several assertions of error, only one of which merits discussion. Appellant asserts that the military judge

failed to conduct a proper inquiry into the factual basis for a confessional stipulation of fact. We disagree and affirm.

At an Article 39(a), UCMJ, session, appellant pled guilty to the offenses. During the providence inquiry, he informed the military judge that he committed the offenses to prevent the Korean mob from injuring his Korean girlfriend. The military judge determined that the defense of duress had been raised and refused to accept the pleas of guilty. The providence inquiry revealed that appellant's pleas of guilty were entered in accordance with a pretrial agreement.

In a subsequent Article 39(a), UCMJ, session, appellant entered pleas of not guilty to the offenses. The prosecution offered a stipulation in which appellant admitted every element of the offenses charged. Appellant entered into the confessional stipulation as part of a pretrial agreement which contained the same sentence limitations as the agreement involved in his improvident guilty plea. The military judge conducted an inquiry as required in *United States v. Bertelson*, 3 M.J. 314 (C.M.A.1977). He advised appellant of his right not to stipulate and informed him the stipulation would not be accepted without his consent. He advised appellant of the elements of the offense, inquired into the stipulation line by line, and asked appellant if the contents were true. He found that appellant had knowingly, intelligently, and consciously waived his rights and had voluntarily and willingly consented to the stipulation. The military judge admitted the stipulation into evidence. After hearing additional evidence, to include appellant's evidence of duress, he found appellant guilty.

▋ Appellant now attacks the inquiry, alleging that the military judge failed to establish the factual basis for the stipulation. He contends that the military judge reviewed the stipulation line by line rather than requiring appellant to articulate the facts in his own words. He further contends that had the military judge required a recitation of the facts part of the stipulation would have been contradicted. To sup-

port his contention, he points to his responses in the *Care*[1] inquiry conducted at the initial Article 39(a), UCMJ, session where appellant attempted to plead guilty. In reference to the offense of receiving stolen property, appellant stated in the *Care* inquiry he believed the property received may not have been stolen. Further, in the *Care* inquiry, appellant disagreed that the value of the bicycle allegedly stolen by him was more than one hundred dollars. He maintains that these contradictions to the stipulation of fact would have been disclosed had the military judge required a recitation of facts, instead of only asking appellant if he agreed with the statements in the stipulation.

▋ A confessional stipulation is not admissible unless the military judge advises an accused that it cannot be accepted without his consent, ascertains the accused understands the stipulation's content and effect, ascertains a factual basis exists for the stipulation, and conducts a plea-bargain inquiry to determine whether an agreement exists to not raise defenses or motions. *Bertelson*, 3 M.J. at 317. During the inquiry, if appellant contradicts a statement in the stipulation, that statement should be deleted. *United States v. Enlow*, 26 M.J. 940, 945 (A.C.M.R.1988).

▋ Appellant contends that the *Bertelson* inquiry was insufficient because the line-by-line inquiry into the confessional stipulation did not establish the required factual basis. To support this contention, appellant refers to information provided to the military judge by appellant in his sworn statement during his unsuccessful attempt to plead guilty. In that providence inquiry appellant stated that he would not pay over one hundred dollars for the bicycle he stole, because it was rusty and the handle bars came off when he tried to jump it over a curb while escaping from authorities. He maintains that had the military judge conducted a proper inquiry, these inconsistencies would have been revealed. Thus, he reasons, the evidence would have been insufficient to find him guilty of larceny of

1. *United States v. Care*, 40 C.M.R. 247 (C.M.A. 1969).

over one hundred dollars and he would have been subjected to lesser punishment.

We disagree with appellant. The military judge was not at liberty to consider the matters presented in the sworn statement given in appellant's unsuccessful attempt to plead guilty. *See* Manual for Courts–Martial, United States, 1984, Mil. R.Evid. 410(a). In the proceeding involving the *Bertelson* inquiry, no inconsistencies were presented by appellant. We hold that the line-by-line inquiry into the confessional stipulation by the military judge was sufficient to satisfy the *Bertelson* requirements. *See Enlow*, 26 M.J. at 945.

The remaining assertions of error, to include those personally asserted by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), are also without merit.

The findings of guilty and the sentence are affirmed.

Judge ARKOW and Judge WALCZAK. concur.

UNITED STATES, Appellee,